**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**BONITA T.,**

**Plaintiff,**

**vs.**

**3:25-CV-700**
**(MAD/ML)**

**COMMISSIONER OF SOCIAL SECURITY,**

**Defendant.**

---

**APPEARANCES:** **OF COUNSEL:**

**OLINSKY LAW GROUP** **HOWARD D. OLINSKY, ESQ.**
250 South Clinton Street - Suite 210
Syracuse, New York 13202
Attorney for Plaintiff

**SOCIAL SECURITY ADMINISTRATION** **HUGH DUN RAPPAPORT, ESQ.**
**OFFICE OF GENERAL COUNSEL**
6401 Security Boulevard
Baltimore, Maryland 21235
Attorney for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

Plaintiff, Bonita T., commenced this action pursuant to 42 U.S.C. § 405(g) seeking review of the decision of the Commissioner of Social Security (the "Commissioner") denying her application for Supplemental Security Income. *See* Dkt. No. 1. In a Report-Recommendation dated September 5, 2026, Magistrate Miroslav Lovric recommended that (1) Plaintiff's motion for judgment on the pleadings be granted; (2) Defendant's motion for judgment on the pleadings be denied; and (3) the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. *See* Dkt. No. 19.

Neither party filed objections to Magistrate Judge Lovric's recommendations. When no objection is made, the Court subjects a report-recommendation to only a clear-error review. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 229 (N.D.N.Y. 2012) (citing FED. R. CIV. P. 72(b), Advisory Committee Note: 1983). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (citation omitted). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court does not discern any clear error in the Report-Recommendation. The Court first finds no clear error in Magistrate Judge Lovric's discussion of the facts underlying the case as well as the statutes and other legal authorities applicable to Plaintiff's claims. Although it does appear to the Court that the Administrative Law Judge ("ALJ") endeavored to be specific and thorough in her decision, the Court finds no clear error in Magistrate Judge Lovric's recommendation for reversal and remand based on the ALJ's failure to adequately explain the evaluation of Plaintiff's ability to reach and use her hands in determining Plaintiff's residual functional capacity. That is particularly true where Plaintiff testified during a hearing that she cannot color "because of the pain in her right hand and arm," but the ALJ limited Plaintiff to "frequent" handling and reaching based on "the evidence received at the hearing level[.]" Dkt. No. 8-2 at 18, 27. The Court agrees with Magistrate Judge Lovric that remand would allow the ALJ "to 'connect the dots' between the record evidence and the hand limitations . . . ." Dkt. No. 19 at 21 (citation omitted).

Accordingly, after carefully reviewing the Report-Recommendation, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Lovric's Report-Recommendation (Dkt. No. 19) is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 13) is **GRANTED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings (Dkt. No. 17) is **DENIED**; and the Court further

**ORDERS** that the Commissioner's decision denying disability benefits is **REVERSED** and this matter is **REMANDED**, pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Order and Magistrate Judge Lovric's Report-Recommendation; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Plaintiff's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 22, 2026
Albany, New York

Mae A. D'Agostino
U.S. District Judge